United States District Court
Southern District of Texas
ENTERED

AUG 27 2012

David J. Bradley, Clerk of Court

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | |
|---|---|
| JO ANN NEWBAUER, § | |
| *Plaintiff,* § | |
| § | |
| v. § | Case No. 1:10-CV-260 |
| § | |
| MICHAEL J. ASTRUE, COMMISSIONER § | |
| OF SOCIAL SECURITY § | |
| ADMINISTRATION § | |
| *Defendant.* § | |

## MEMORANDUM OPINION AND ORDER

The United States Magistrate Judge filed a Report and Recommendation [Docket No. 13], recommending that this Court grant the summary judgment motion filed by Defendant Michael J. Astrue, Commissioner of the Social Security Administration ("Commissioner") [Docket No. 10]. Plaintiff Jo Ann Newbauer ("Newbauer") has objected to said Report and Recommendation [Docket No. 14]. Having considered *de novo* the Magistrate Judge's Report and Recommendation and the issues raised by Plaintiff's objections, the Court hereby **SUSTAINS** one of Plaintiff's objections, and **REVERSES** and **REMANDS** the decision of the Administrative Law Judge ("ALJ") to develop more detailed findings in accordance with the implementing regulations.

The Court finds merit in only one issue raised by Newbauer's objections: whether the ALJ properly evaluated Newbauer's allegations of pain under the Commissioner's interpretation of the implementing regulations. See SSR 96-7p. After reviewing the record and the applicable law, the Court finds that due to the lack of evidence the decision of the ALJ contravened the regulations governing claims for disability insurance benefits.

In his Findings of Fact and Conclusions of Law, the ALJ appropriately followed the framework of the five-step process for evaluating a claim for disability insurance benefits prescribed by 20 C.F.R. § 404.1520. Under the first step, the ALJ found that Newbauer was not doing substantial gainful activity. Then, pursuant to the second step of this process, the ALJ found that Newbauer had several "severe medically determinable physical or mental" impairments: "obesity, lumbar spondylosis with radiculopathy, and mental impairments primarily identified as a dysthymic disorder under 12.04 and an anxiety-related disorder under 12.06 (20 C.F.R. 404.1520(c))." Before reaching the fourth step—where the ALJ considered whether Newbauer can still engage in her past relevant work—the ALJ was required to determine Newbauer's residual functional capacity ("RFC").

In determining the RFC, the ALJ considers "descriptions and observations of [the claimant's] limitations from [her] impairment(s), including limitations that result from [her] symptoms, such as pain, provided by [her, her] family, neighbors, friends, or other persons." 20 C.F.R. § 404.1545(a). However, if a claimant alleges pain or other symptoms, the claimant's "statements alone are not enough to establish that there is a physical or mental impairment." 20 C.F.R. § 404.1528(a). In fact, alleged symptoms will not be found to affect the claimant's ability to do basic work activities unless "medical signs or laboratory findings" show a "medically determinable impairment." 20 C.F.R. § 404.1529. A Social Security Ruling, SSR 96-7p, 1996 WL 374186 (July 2, 1996), clarifies that the regulations contemplate a two-step process for evaluating symptoms for RFC purposes.

Under Step One, the ALJ must consider whether there is an underlying medically determinable physical or mental impairment that could reasonably be expected to produce the individual's pain or other symptoms. Here, the ALJ found several severe medically determinable

physical and mental impairments. This being the case, the alleged symptoms could <u>not</u> be found to affect the individual's ability to do basic work activities if "the impairment(s) could not reasonably be expected to produce the individual's pain or other symptoms." SSR 96-7p. If the ALJ makes such a finding, then the ALJ needs not reach Step Two. <u>See also</u> <u>Smolen v. Chater</u>, 80 F.3d 1273, 1281–82 (9th Cir. 1996) (applying the Ninth Circuit's "<u>Cotton</u> test" to satisfy Step One, which "imposes only two requirements on the claimant: (1) she must produce objective medical evidence of an impairment or impairments; and (2) she must show that the impairment or combination of impairments could reasonably be expected to (not that it did in fact) produce some degree of symptom.").

If an ALJ finds that the impairments could reasonably be expected to produce the alleged symptoms, he must move on to Step Two. At Step Two, the ALJ determines the "intensity, persistence, and limiting effect" of the alleged symptoms. If the claimant's description of the intensity, persistence, or limiting effects is not substantiated by "objective medical evidence," the ALJ must make a finding on the credibility of the claimant's statements based on a consideration of the entire case record. SSR 96-7p.

Here, the ALJ's findings are ambiguous regarding whether the ALJ reached Step Two. The relevant portion of his decision reads:

> The claimant complained primarily of back pain and spasms and swollen feet and ankles. She has episodes of depression and anxiety but has had no treatment. She receives medication to help her from her general practitioner, Dr. Ricker. (Exhibit 10F).
>
> To the extent I am permitted to reach the issue of credibility, I find that the claimant appears sincere and genuine regarding the pain and limitations she states she experienced with her medical impairments. If accepted as described, the claimant would be prevented from completely performing even sedentary functions.

> Notwithstanding, the claimant cannot be found disabled no matter how genuine the complaints may appear to be, where the disability must be the product of an identified medically determinable impairment "reasonably capable of producing" the symptoms, a requirement imposed by the Social Security Act. See SSR 96-7p; Hollis v. Bowen, 837 F.2d 1378, 1384 (5th Cir. 1988). The claimant's lay intuition as to the cause of the symptoms, however real the symptoms, is not controlling. Frank v. Barnhart, 326 F.3d 618, 622 (5th Cir. 2003). See also Craig v. Chater, 76 F.3d 585, 591 (4th Cir. 1996).
>
> The Fifth Circuit further provides that the analysis is not whether the impairments are producing "some" of the symptoms, or some degree of the symptoms, leaving the remainder to inclusion, or not, on the basis of a credibility determination. The standard is whether the impairments are reasonably capable of producing relevant symptoms which are otherwise disabling. Anthony v. Sullivan, 954 F.2d 289, 296 (5th Cir. 1992), citing Owens v. Heckler, 770 F.2d 1276, 1280-1 (5th Cir. 1985)["Thus while Owens undoubtedly suffers some impairment due to back pain and other ailments, some impairment does not prove disability."] See also Huston v. Bowen, 838 F.2d 1125, 1129 (10th Cir. 1988).
>
> In this case, the claimant's most serious symptoms and limitations are simply outside the range of reasonable attribution according to the medical opinions of record. Luna v. Bowen, 834 F.2d 161, 164 n.3 (10th Cir. 1987).

While the Report and Recommendation takes the position that the ALJ did not reach Step Two, a close reading of this excerpt reveals only that the ALJ's analysis is hopelessly ambiguous on this point. On one hand, some language indicates that the ALJ did reach Step Two. For example, the findings weigh in, at least in part, on the credibility of Newbauer's allegations. A credibility analysis is exclusively an element of Step Two. On the other hand, he may not have reached Step Two because his discussion regarding the credibility of Newbauer's alleged symptoms seems to indicate that they were credible, yet cannot be considered—implying that the allegations did not pass Step One.

Assuming, as did the Magistrate Judge, that the ALJ ended his analysis at Step One, his decision is not supported by substantial evidence. See Leggett v. Chater, 67 F.3d 558, 564 (5th Cir.

1995) ("Substantial evidence is defined as more than a scintilla, less than a preponderance, and as being such relevant and sufficient evidence as a reasonable mind might accept as adequate to support a conclusion."). Again, to complete a Step One analysis would have required the ALJ to decide that medically determinable impairments—including "obesity, lumbar spondylosis with radiculopathy, and mental impairments primarily identified as a dysthymic disorder [defined in a the implementing regulations] and an anxiety-related disorder [also defined in the regulations]"—could not reasonably be expected to produce Newbauer's alleged symptoms—described in the ALJ opinion as back pain, back spasms, swollen feet, swollen ankles, episodes of anxiety, and episodes of depression. Essentially, the question is really one of causation. At Step One, it is important to note that the ALJ must not take into account the alleged subjective qualities of the symptoms, but only whether medically determinable impairments could reasonably be expected to produce <u>any</u> level of the symptoms alleged.

An examination of the record does not reveal substantial evidence tending to prove or disprove that medically determinable impairments could reasonably be expected to produce Newbauer's symptoms (of which Newbauer, apparently credibly, complained). The state agency physicians, Dr. Leigh McCary and Dr. Bob Dodd, conspicuously left blank the sections in their reports that address whether the symptoms alleged by Newbauer were attributable, in their judgment, to a medically determinable impairment. See <u>Docket No. 6-9</u> at 127; <u>Docket No. 6-10</u> at 33. Equally, the reports of Newbauer's physicians do not provide substantial evidence of a nexus between Newbauer's alleged symptoms and a medically determinable impairment. For example, a report from Dr. D.W. Marlow ("Dr. Marlow"), a chiropractor, indicates that there is a reasonable medical basis for Newbauer's pain, and simply describes this basis as "[f]acet joint hypertrophy.

Post rhizotomy with continued pain." Docket No. 6-10 at 87. This obviously suggests a connection, but this statement alone may not be sufficient evidence of the required nexus. Similarly, Dr. Craig Lankford ("Dr. Lankford"), Newbauer's pain management specialist, indicated in his report that there is a reasonable medical basis for Newbauer's chronic back pain, describing the basis as "[c]hronic low back pain"—which is, at best, a tautology. Docket No. 6-10 at 37. In view of these reports, the scant evidence with any potential relevance to Step One—i.e. the reports of Drs. Marlow and Lankford—appears to support a finding that medically determinable impairments could reasonably be expected to produce Newbauer's symptoms. Assuming that the analysis halted at Step One, the ALJ apparently did not explicitly consider these reports or any other evidence in concluding his analysis at this step. After reviewing the record, the Court finds that it does not contain sufficient evidence to support the ALJ's finding on Step One.

If the ALJ did reach Step Two, his findings almost certainly also violated another provision in the Commissioner's interpretation of the regulations, which require that a decision reaching Step Two "must contain specific reasons for the finding on credibility, supported by the evidence in the case record, and must be sufficiently specific to make clear to the individual and to any subsequent reviewers the weight the adjudicator gave to the individual's statements and the reasons for that weight." SSR 96-7p. The decision merely states that the ALJ "find[s] that the claimant appears sincere and genuine." The decision does not state anything specific regarding the alleged symptoms, nor how much weight was given to Newbauer's allegations about her symptoms.

Therefore, whether or not the ALJ decided to discount Newbauer's allegations under Step One or Step Two, the ALJ's decision violated 20 C.F.R. §§ 404.1528 & 404.1529. At best, since he

found Newbauer to be credible, consequently, one can speculate that he at least superficially examined the credibility of her complaints of pain.

Both errors constitute a violation of an internal policy ruling and implementing regulations. However, reversal and remand for violating a policy or regulation is only appropriate if the plaintiff can demonstrate ensuant prejudice. Hall v. Schweiker, 660 F.2d 116, 119 (5th Cir. 1981) (citing Pacific Molasses Co. v. Fed. Trade Comm'r, 356 F.2d 386 (1966)). A claimant establishes prejudice by showing that absent such violation the ALJ might have reached a different decision. Newton v. Apfel, 209 F.3d 448, 458 (5th Cir.2000) (citing Ripley v. Chater, 67 F.3d 552, 557 (5th Cir.1995)). Here, the ALJ's errors were prejudicial to Newbauer. Had the ALJ considered the symptoms alleged by Newbauer in his RFC determination, as well as their "intensity, persistence, and limiting effect," the ALJ might have found that Newbauer only had the RFC to complete work at less than a sedentary level. See Holmstrom v. Massanari, 270 F.3d 715, 722 (8th Cir.2000) (an erroneously-determined RFC cannot provide substantial evidence to support a denial of benefits). As mentioned above, there was no substantial evidence in the record to even begin to resolve Step One. Since there was scant evidence to support or reject finding the required nexus between her symptoms and impairments, the ALJ's unexplained conclusion that there was no sufficient nexus was in error. Had the ALJ further developed the record regarding this nexus, he might have concluded there was a medically determinable impairment or impairments producing Newbauer's symptoms, which he apparently found credible, and given that, he might have considered Newbauer's alleged symptoms, and ultimately might have reached a different decision regarding Newbauer's RFC. A different RFC finding might have led to a different decision regarding Newbauer's claim for disability benefits,

especially since the ALJ wrote that "if accepted as described, the claimant would be prevented from completely performing even sedentary functions."

Therefore, the judgment is hereby reversed and remanded to develop more detailed findings regarding the nexus between Newbauer's alleged symptoms and medically determinable impairments, in accordance with the two steps mandated by the implementing regulations. This result is also compelled by the ALJ's obligation to develop a full and fair record. See Ripley v. Chater, 67 F.3d 552, 557 (5th Cir. 1995) (Wisdom, J.) (finding ALJ failed to develop record fully where RFC determination was made without medical evidence establishing effect of claimant's back condition on ability to work). Following that step, the ALJ can then proceed to Step Two, where he can evaluate the "intensity, persistence, and limiting effect" of Newbauer's symptoms and the weight to be given to those complaints.

Signed this 27th day of August, 2012.

Andrew S. Hanen
United States District Judge